THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

A.N., a minor, by and through her Next Friend, )
DENNIS NEWBERRY, )
 )
    Plaintiff, )
 )
v. ) Case No. 2:18-cv-4116
 )
SCHOOL OF THE OSAGE SCHOOL DISTRICT, )
SCHOOL OF THE OSAGE BOARD OF )
EDUCATION, and )
MARK ALAN EDWARDS, )
 )
    Defendants. )

## ANSWER

**COME NOW** Defendants School of the Osage School District (the "District") and School of the Osage Board of Education (the "Board") (collectively referred to as the "District Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiff's Complaint, state as follows:

1. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 of the Complaint, and therefore, deny the same.

2. District Defendants admit Paragraph 2 of the Complaint.

3. District Defendants admit that the District is a public school district, located in Miller County, Missouri. District Defendants deny each and every remaining allegation of fact and/or conclusion of law contained in Paragraph 3 of the Complaint.

00282201.2

4. District Defendants admit the Board consists of public officials who were elected or appointed. District Defendants deny each and every remaining allegation of fact and/or conclusion of law contained in Paragraph 4 of the Complaint.

5. District Defendants admit that Defendant Mark Alan Edwards ("Defendant Edwards") was employed by the District as a teacher for a period of time. District Defendants deny each and every remaining allegation of fact and/or conclusion of law contained in Paragraph 5 of the Complaint.

5. The second Paragraph 5 of the Complaint asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, District Defendants deny all allegations of fact and conclusions of law contained in the second Paragraph 5.

6. Paragraph 6 of the Complaint asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, District Defendants deny all allegations of fact and conclusions of law contained in Paragraph 6.

## CONDUCT OF DEFENDANT EDWARDS

7. District Defendants admit that Plaintiff was enrolled at and attended school at the District. District Defendants deny each and every remaining allegation of fact and/or conclusion of law contained in Paragraph 7 of the Complaint.

8. District Defendants admit that Defendant Edwards was employed by the District as a teacher and that Defendant Edwards participated in some field trips associated with the District. District Defendants deny each and every remaining allegation of fact and/or conclusion of law contained in Paragraph 8 of the Complaint.

9. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9, including subparts 9a.-9d., of the Complaint, and therefore, deny the same.

10. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 10, of the Complaint, and therefore, deny the same.

11. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 11, of the Complaint, and therefore, deny the same.

12. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12, of the Complaint, and therefore, deny the same.

13. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13, of the Complaint, and therefore, deny the same.

14. District Defendants deny allegations in Paragraph 14, of the Complaint, and therefore, deny the same.

15. Paragraph 15 of the Complaint asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, District Defendants deny all allegations of fact and conclusions of law contained in Paragraph 15.

## CAUSES OF ACTION

### COUNT I
### UNLAWFUIL SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION BY DEFENDANT EDWARDS COGNIZABLE UNDER 42 U.S.C. § 1983[1]

16-22. The allegations contained in Count I of the Complaint pertain to Defendant Edwards only, and the relief Plaintiff seeks in Count I is directed solely to Defendant Edwards. Accordingly, District Defendants make no response to Count I. To the extent further response is deemed necessary, or that any allegation of fact or conclusion of law contained in Paragraphs 16 through 22 of Count I or the WHEREFORE clause of Count I could be construed to pertain to District Defendants, District Defendants deny each and every such allegation of fact or conclusion of law, in the event that Plaintiff may seek to attribute such allegations of fact or conclusions of law to District Defendants under a theory of respondent superior or any other theory of law.

### COUNT II
### ASSAULT AND BATTERY BY DEFENDANT EDWARDS COGNIZABLE UNDER STATE LAW[2]

23-29. The allegations contained in Count II of the Complaint pertain to Defendant Edwards only, and the relief Plaintiff seeks in Count II is directed solely to Defendant Edwards. Accordingly, District Defendants make no response to Count II. To the extent further response is deemed necessary, or that any allegation of fact or conclusion of law contained in Paragraphs 23 through 29 of Count II or the WHEREFORE clause of Count II could be construed to pertain

---

[1] The undersigned firm represents only the School of the Osage School District and School of the Osage Board of Education in this matter, and this Answer is submitted solely on behalf of the District and Board. This firm does not represent Defendant Mark Alan Edwards in this matter, and this document should not be considered a responsive pleading from or on behalf of Defendant Edwards.

[2] The undersigned firm represents only the School of the Osage School District and School of the Osage Board of Education in this matter, and this Answer is submitted solely on behalf of the District and Board. This firm does not represent Defendant Mark Alan Edwards in this matter, and this document should not be considered a responsive pleading from or on behalf of Defendant Edwards.

to District Defendants, District Defendants deny each and every such allegation of fact or conclusion of law, in the event that Plaintiff may seek to attribute such allegations of fact or conclusions of law to District Defendants under a theory of respondent superior or any other theory of law.

## COUNT III
## SEXUAL ABUSE BY DEFENDANT EDWARDS
## COGNIZABLE UNDER STATE LAW[3]

30-35. The allegations contained in Count III of the Complaint pertain to Defendant Edwards only, and the relief Plaintiff seeks in Count III is directed solely to Defendant Edwards. Accordingly, District Defendants make no response to Count III. To the extent further response is deemed necessary, or that any allegation of fact or conclusion of law contained in Paragraphs 30 through 35 of Count III or the WHEREFORE clause of Count III could be construed to pertain to District Defendants, District Defendants deny each and every such allegation of fact or conclusion of law, in the event that Plaintiff may seek to attribute such allegations of fact or conclusions of law to District Defendants under a theory of respondent superior or any other theory of law.

## COUNT IV
## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION'S RIGHT TO BODILY INTEGRITY BY DEFENDANT EDWARDS
## COGNIZABLE UNDER 42 U.S.C. § 1983[4]

36-42. The allegations contained in Count IV of the Complaint pertain to Defendant Edwards only, and the relief Plaintiff seeks in Count IV is directed solely to Defendant Edwards.

---

[3] The undersigned firm represents only the School of the Osage School District and School of the Osage Board of Education in this matter, and this Answer is submitted solely on behalf of the District and Board. This firm does not represent Defendant Mark Alan Edwards in this matter, and this document should not be considered a responsive pleading from or on behalf of Defendant Edwards.

[4] The undersigned firm represents only the School of the Osage School District and School of the Osage Board of Education in this matter, and this Answer is submitted solely on behalf of the District and Board. This firm does not represent Defendant Mark Alan Edwards in this matter, and this document should not be considered a responsive pleading from or on behalf of Defendant Edwards.

Accordingly, District Defendants make no response to Count IV. To the extent further response is deemed necessary, or that any allegation of fact or conclusion of law contained in Paragraphs 36 through 42 of Count IV or the WHEREFORE clause of Count IV could be construed to pertain to District Defendants, District Defendants deny each and every such allegation of fact or conclusion of law, in the event that Plaintiff may seek to attribute such allegations of fact or conclusions of law to District Defendants under a theory of respondent superior or any other theory of law.

## COUNT V
## LIABILITY OF DEFENDANT DISTRICT AND BOARD UNDER 42 U.S.C. § 1983

43. District Defendants incorporate by reference their answers and responses to Paragraphs 1-42 as though fully set forth herein.

44. District Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. District Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. District Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. District Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. District Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, District Defendants deny all

allegations of fact and conclusions of law contained in Paragraph 49, including subparts 49a.-49b.

50. The Complaint does not include a Paragraph 50 and thus no response in required.

51. Paragraph 51 of the Complaint asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, District Defendants deny all allegations of fact and conclusions of law contained in Paragraph 51, including subparts 51a.-51g.

52. District Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 52, of the Complaint, and therefore, deny the same.

53. District Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint asserts a legal conclusion to which no response is required. To the extent further response is deemed necessary, District Defendants deny all allegations of fact and conclusions of law contained in Paragraph 54.

District Defendants deny all allegations contained in the WHEREFORE clause of Count V of the Complaint. District Defendants further deny that Plaintiff is entitled to any relief sought in the WHEREFORE clause of Count V of the Complaint. District Defendants respectfully request that this Court dismiss Count V of the Complaint or, in the alternative, that the Court enter judgment in favor of District Defendants and order any other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

By way of further answer, and as affirmative defenses, District Defendants respond to Plaintiff's Complaint as follows:

1. District Defendants deny each and every allegation that is not expressly and specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Some or all of Plaintiff's claims are barred because Plaintiff has failed to exhaust Plaintiff's administrative remedies.

4. Some or all of Plaintiff's claims are barred because the Court lacks subject matter jurisdiction.

5. Some or all of Plaintiff's claims are barred because Plaintiff failed to comply with all jurisdictional prerequisites.

6. Some or all of Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

7. Some or all of Plaintiff's claims are barred by waiver, laches, and/or estoppel.

8. District Defendants at all relevant time acted in good faith and with the belief that they were conducting themselves in a manner that did not violate established principles of law of which they were are or should have been aware.

9. District Defendants' actions with respect to Plaintiff were justified and/or necessary in accordance with state and federal law.

10. Plaintiff's claims against District Defendants are frivolous, and have no basis in fact or law; therefore, District Defendants are entitled to an award of their reasonable attorneys' fees and costs.

11. Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

12. Some or all of Plaintiff's claims are barred by the doctrine of qualified immunity.

13. Some or all of Plaintiff's claims are barred by the doctrine of official immunity.

14. Some or all of Plaintiff's claims are barred by the public duty doctrine.

15. Some or all of Plaintiff's claims for punitive damages are barred by law.

16. Some or all of Plaintiff's claims are barred because Plaintiff has failed to plead Plaintiff's claims with sufficient particularity.

17. Some or all of Plaintiff's claims are barred because actions taken by the District Defendants are not the proximate cause of any injuries that may have been suffered by Plaintiff.

18. Any unlawful conduct engaged in by any employee or agent of District Defendants was outside the scope of employment and was contrary to District Defendants' efforts to comply with any and all applicable laws.

19. Plaintiff has failed to mitigate whatever damages, if any, Plaintiff may have incurred by reason of the allegations contained in the Complaint.

20. District Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case.

21. District Defendants reserve their right to amend their Answer, to add additional or other affirmative defenses, to delete or withdraw affirmative defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

WHEREFORE, for the reasons stated above, District Defendants respectfully request that this Court dismiss the claims alleged against them in Plaintiff's Complaint with prejudice. District Defendants also pray for an order awarding District Defendants their costs in defending this action, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By: /s/ Thomas A. Mickes
Thomas A. Mickes, #28555
tmickes@mickesotoole.com
12444 Powerscourt Drive, Suite 400
St. Louis, Missouri 63131
Telephone: (314) 878-5600
Facsimile: (314) 878-5607

*Attorneys for Defendants*
*School of the Osage School District and*
*School of the Osage Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and was served via electronic mail and/or by U.S. mail, postage prepaid, to:

Grant C. Boyd
Sindel Noble
8000 Maryland Ave., Suite 910
St. Louis, MO 63105
gboyd@travisnoble.com
*Attorney for Plaintiff*

Mark Alan Edwards
Miller County Jail / Detention Center
1999 Highway 52
Tuscumbia, MO 65082
*Defendant*

/s/ Thomas A. Mickes